IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-CR-30012-MJR |
| ) | |
| HAL DEAN McBRIDE, ) | |
| ) | |
| Defendant. ) | |

ORDER ON MOTION TO RECONSIDER

REAGAN, District Judge:

In May 2011, Hal McBride pleaded guilty to charges relating to child pornography and enticement of a minor. This Court sentenced McBride on September 7, 2011, and judgment was entered the following day. No appeal was taken, and no petition to vacate, correct, or set aside sentence under 28 U.S.C. 2255 was filed.

On September 20, 2012, McBride filed a pro se motion for extension of time in which to file a petition under 28 U.S.C. 2255. The motion explained that additional time was needed so McBride could "fully research" his possible claims. In a detailed Order on September 28, 2012, the undersigned Judge denied McBride's motion, after finding that McBride had missed the statutorily mandated one-year period in which motions to vacate, set aside or correct a sentence must be filed, and the record before the Court revealed no circumstances warranting equitably tolling the limitations period.

The September 28, 2012 Order concluded (Doc. 48, pp. 4-5):

In *Green v. United States,* **260 F.3d 78, 82-83 (2nd Cir. 2001),** the Court of Appeals explained (emphasis added) that: "a district court may grant an

extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension *upon or after filing an actual section 2255 motion*, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." The United States District Courts within this Circuit likewise have held that a defendant must accompany his request for extension with his § 2255 motion (and satisfy the requirements of the equitable tolling doctrine), for a District Court to have the power to grant an extension. [Citations omitted.]

Here, McBride did not present an actual section 2255 petition with his request for additional time. The Court cannot construe the motion for additional time as the 2255 petition itself, it simply asks for additional time to research claims that might support the future filing of a collateral attack. And although § 2255's limitation period is subject to equitable tolling, such tolling is properly recognized only in rare situations - which do not encompass the case at bar. "Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing; a mistaken understanding about the deadline for filing is not grounds for equitable tolling." *Robinson v. U.S.*, **416 F.3d 645, 651 n.1 (7th Cir. 2005),** *citing United States v. Marcello,* **212 F.3d 1005, 1010 (7th Cir. 2000).**

McBride's motion for extension of time does not identify any "extraordinary circumstances beyond the litigant's control [which] prevented timely filing." *Marcello*, **212 F.3d at 1010;** *see also Poe v. United States,* **468 F.3d 473, 477 (7th Cir. 2006).** He has not shown any basis for being excused from the one-year limitations period, such as a reason why he, despite the exercise of diligence, could not have discovered all the information he needed to file his petition before now. Apparently aware of [this] obstacle … McBride endeavors to extend the period by invoking § 2255(f)(2) -- referencing an "impediment" to timely filing his collateral challenge in this Court. But McBride does not describe a true impediment in the sense required under § 2255.

On November 19, 2012, Defendant McBride filed a two-page motion asking the Court to reconsider that ruling. Although the Rules of Criminal Procedure do not authorize or even mention motions to reconsider, the United States Supreme Court has held that motions to reconsider may be filed in criminal cases in district courts: they "are ordinary elements of federal practice that exist in criminal prosecutions despite

their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), *citing United States v. Healy*, 376 U.S. 75, 77 (1964). Thus, in appropriate circumstances, motions to reconsider may be filed in criminal cases, and they allow the district court the opportunity to promptly correct its errors. *Rollins*, 607 F.3d at 503, *citing United States v. Dieter*, 429 U.S. 6, 8 (1976).

So motions to reconsider can be filed in criminal cases and generally are "treated just like motions in civil suits." *Rollins*, 607 F.3d at 502.[1] However, McBride has identified no basis for relief under the Federal Rules of Civil Procedure governing such motions – Rule 59(e) or Rule 60(b).

Based on both the content of the motion and the date on which it was filed (more than 28 days after the ruling he challenges), McBride's motion is most closely likened to a Rule 60(b) motion. That Rule permits a court to reconsider (and provide relief from) a prior order or judgment on certain enumerated grounds, such as mistake, newly discovered evidence, fraud, misrepresentation or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). *See also Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009).

Motions to reconsider are not the appropriate vehicle to rehash previously rejected arguments. *Musch*, 587 F.3d at 861. *See also Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Additionally, relief under Rule 60(b) "is an

---

[1] Of course, some filings *labeled* as motions to reconsider actually are something else and must be treated, for example, as post-trial motions or § 2255 petitions.

extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Savings Bank v. Popovich,* **71 F.3d 696, 698 (7th Cir. 1995).**

Here, McBride tries again to convince the Court to allow him to file a § 2255 petition outside the one-year limitations period, reasserting arguments presented in his initial motion and suggesting that he should get the benefit of equitable tolling, "in the interest of justice" (Doc. 49, p. 2). He has demonstrated no basis for relief under Rule 60(b). Therefore, the Court **DENIES** McBride's motion to reconsider (Doc. 49).

IT IS SO ORDERED.

DATED November 21, 2012.

                                                s/ *Michael J. Reagan*
                                                Michael J. Reagan
                                                United States District Judge